IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **THE DICK LAW FIRM, PLLC,** § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:26-CV-02053 |
| § | |
| **HISCOX INSURANCE COMPANY INC. & JUSTIN KUHL,** § § | |
| § | |
| *Defendants*. § | |

## DEFENDANTS HISCOX INSURANCE COMPANY INC. AND JUSTIN KUHL'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, Defendants Hiscox Insurance Company Inc. ("Hiscox") and Justin Kuhl (collectively "Defendants") hereby remove the action styled and numbered *The Dick Law Firm, PLLC*, Cause No. 202602698, pending in the 133rd District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division. In support of this notice, Defendants respectfully state as follows:

### I. SUMMARY OF NOTICE

1. This lawsuit arises out of The Dick Law Firm, PLLC's ("Plaintiff") claim for coverage under a commercial property insurance policy issued by Hiscox for damage purportedly sustained to Plaintiff's property. Plaintiff asserts breach of contract as well as several common law and statutory causes of action against Hiscox, a foreign insurance company organized under the laws of Illinois with its principal place of business in Illinois.

2. This lawsuit arises out of The Dick Law Firm, PLLC's ("Plaintiff") claim for coverage under a commercial property insurance policy issued by Hiscox for damage purportedly sustained to Plaintiff's property. Plaintiff asserts breach of contract as well as several common law

and statutory causes of action against Hiscox, a foreign insurance company organized under the laws of Delaware with its principal place of business in Georgia.

3. Plaintiff also names as a Defendant Justin Kuhl, an independent adjuster acting on behalf of Hiscox. However, as more fully explained below, Pursuant to Texas Insurance Code Chapter 542A, Hiscox has elected to accept whatever liability Mr. Kuhl may have to Plaintiff. Accordingly, Mr. Kuhl cannot be liable to Plaintiff as a matter of Texas law, so, for purposes of assessing diversity jurisdiction, the citizenship of Mr. Kuhl is not relevant.

4. Because the amount in controversy in this case plainly exceeds $75,000, and complete diversity of citizenship exists between Plaintiff and Hiscox, removal of this action is proper under 28 U.S.C. § 1332(a).

## II. STATE COURT ACTION

5. Plaintiff commenced this action on January 14, 2026 by filing Plaintiff's Original Petition (the "Original Petition") in the 133rd District Court, Harris County, Texas – Cause No. 202602698.

6. Hiscox was served with a copy of the Original Petition on February 18, 2026. While not relevant for purposes of this removal in light of Hiscox's acceptance of liability pursuant to Texas Insurance Code Chapter 542A Mr. Kuhl was served with a copy of the Original Petition on February 13, 2026. Defendants thus file this Notice of Removal within the 30-day period required by 28 U.S.C. § 1446(b)(2)(B).

7. Venue is proper in this district under 28 U.S.C. § 1441(a) because the state court where the action is pending is located in this district.

### III.  BASIS FOR REMOVAL

8.  Removal of this action is proper under 28 U.S.C. § 1441 because it is a civil action brought in a state court and the federal courts have original jurisdiction over the subject matter pursuant to 28 U.S.C. § 1332.

9.  Removal is proper because there is now, and was at the time this action was filed, complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds $75,000 excluding interest and costs.

**A.  Removal is Proper Because Complete Diversity of Citizenship Exists Between Plaintiff and Hiscox.**

10.  The "citizenship of an LLC is determined by the citizenship of all of its members."[1] To "establish diversity jurisdiction, a party must specifically allege the citizenship of every member of every LLC."[2]

11.  At the time the action was commenced, at the present time, at all times material to this action and upon information and belief, Plaintiff is a Texas professional limited liability company organized under the laws of the state of Texas with its principal place of business in Houston, Texas. According to the most recent Public Information Report filed by Plaintiff with the Texas Secretary of State, Plaintiff has one reported member: Eric Dick. Upon information and belief, Mr. Dick is an individual residing in and domiciled in Texas and, therefore, is citizen of Texas for diversity purposes. Upon information and belief, Plaintiff has no other members. Plaintiff is therefore a citizen of Texas for purposes of diversity jurisdiction.

---

[1] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

[2] *MidCap Media Fin. LLC v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019) (internal quotation marks omitted) (quoting *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017)).

12. Defendant Hiscox is incorporated in the state of Illinois with its principal place of business in Illinois. Hiscox is thus a citizen of Illinois for diversity jurisdiction purposes.

13. Based on the foregoing, there is now, and was at the time this action was filed, complete diversity of citizenship between Plaintiff and Hiscox.

**B. Defendant Justin Kuhl is Improperly Joined and his Citizenship Need Not Be Considered.**

14. Hiscox is the only Defendant in this case for which citizenship need be considered. The other defendant in this case, Mr. Kuhl, is improperly joined because Hiscox elected to accept liability under Texas Insurance Code § 542A.006 prior to removal. Thus the citizenship of Mr. Kuhl does not affect whether diversity exists between the parties and should be dismissed from the case.

15. A defendant is improperly joined when there is (1) actual fraud in the pleading of jurisdictional facts, or (2) the plaintiff is unable to establish a cause of action against the non-diverse defendant. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). The second condition is met when "the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.*

16. "[I]if the plaintiff improperly joins a non-diverse defendant, then the court may disregard the citizenship of that defendant, dismiss the non-diverse defendant from the case, and exercise subject matter jurisdiction over the remaining diverse defendant." *Advanced Indicator & Mfg., Inc. v. Acadia Ins. Co.*, 50 F.4th 469, 473 (5th Cir. 2022). "Defendants who are joined fraudulently are not required to consent to the notice of removal." *Thompson v. Accent Capital*,

491 Fed. Appx. 264, 265 (2d Cir. 2012) (citing, *inter alia*, 28 U.S.C. § 1446(b)(2)(A)). Although Mr. Kuhl consents to removal, his consent is not required.

17. Texas Insurance Code § 542A.006 provides: "If a claimant files an action to which this chapter applies against an agent and the insurer thereafter makes an election under Subsection (a) with respect to the agent, the court shall dismiss the action against the agent with prejudice." "Under Section 542A.006, this election is irrevocable and requires the dismissal of the action against [the adjuster]." *See Bexar Diversified MF-1, LLC v. Gen. Star Indem. Co.*, No. SA-19-CV-00773-XR, 2019 WL 6131455, at *5 (W.D. Tex. Nov. 18, 2019); *see also Koenig v. Unitrin Safeguard Ins. Co.*, No. SA-20-CV-00887-JKP-HJB, 2021 WL 51762, at *2 (W.D. Tex. Jan. 6, 2021) ("Once the election is made, an insurer may not revoke the election and a court may not nullify it.").

18. The Fifth Circuit has therefore held that, where an insurer has elected responsibility for an agent under Texas Insurance Code § 542A.006 prior to removal, the agent is improperly joined and removal is proper. *Advanced Indicator*, 50 F.4th at 474. This is true regardless of whether suit has already been filed, because in either case the plaintiff has no reasonable possibility of recovery against the agent. *Id.* at 475. As long as the insurer has elected to accept the agent's liability prior to removal, then the action is removable. *Id.*

19. Prior to filing its Answer, Hiscox elected to accept whatever liability Defendant Justin Kuhl might have to Plaintiff pursuant to Texas Insurance Code Section 542A.006.[3] Defendants also included notice of this election their Answer.[4] Plaintiff is thus unable to succeed on its claims against them. Because Plaintiff does not have a reasonable possibility of recovery

---

[3] Ex. F, letter from Hiscox, to Dick Law Firm, PLLC electing Liability of Justin Kuhl pursuant to Texas Insurance Code Section 542A.006.

[4] Defendant's Answer and Affirmative Defenses to Plaintiff's Original Petition, at pg. 7.

from Defendant Justin Kuhl in this lawsuit, his citizenship should be disregarded for removal purposes, and he should be dismissed from this case.

### C. Removal is Proper Because Plaintiff's Claims Exceed $75,000.

20.     Under 28 U.S.C. § 1332(a), diversity subject matter jurisdiction requires that the matter in controversy "exceed[] the sum or value of $75,000, exclusive of interest and costs."[5]

21.     If it is facially apparent that Plaintiff's claim exceeds $75,000, Hiscox's burden to establish that the amount in controversy exceeds this Court's jurisdictional threshold is satisfied.[6] When removal is premised upon diversity jurisdiction and the parties dispute whether the amount in controversy exceeds $75,000, courts must determine the amount in controversy in light of "the claims in the state court petition as they existed at the time of removal."[7]

22.     The district court must first examine the petition to determine whether it is "facially apparent" that the claims exceed the minimum jurisdictional requirement. If it is not apparent, the court may rely on "summary judgment-type" evidence to ascertain the amount in controversy.[8] Courts have considered pre-suit demand letters as such evidence in determining whether defendants have met the preponderance burden.[9] Additionally, "penalties, statutory damages, punitive damages, and attorney's fees are included in the amount in controversy. . . . Similarly, exemplary damages allowed by state statute are encompassed in the amount in controversy."[10]

---

[5]   28 U.S.C. § 1332(a).

[6]   *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1999).

[7]   *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). *See* 28 U.S.C. § 1332(a).

[8]   *St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

[9]   *See Hartford Ins. Grp. v. Lou–Con Inc.*, 293 F.3d 908, 910–12 (5th Cir. 2002) (per curiam); *Greenberg*, 134 F.3d at 1254-55; *Wilson v. Belin*, 20 F.3d 644, 651 n.8 (5th Cir. 1994); *Molina v. Wal–Mart Stores Tex., L.P.*, 535 F.Supp.2d 805, 808 (W.D. Tex. 2008).

[10]  *E.g. Theriot v. Transamerica Life Ins. Co.*, 354 F. Supp. 3d 713, 719–20 (E.D. Tex. 2017) (specifically considering Texas Insurance Code § 541); *see Guzman v. Allstate Vehicle & Prop. Ins. Co.*, 2020 WL 1321821, at *2, adopted by 2020 WL 1321818 (finding the amount in controversy requirement was met where the plaintiff

23. Here, Plaintiff's Petition states that "Plaintiff seeks monetary relief of $250,000 or less."[11] The Petition goes on to state that "Plaintiff demands payment of the Policy limits of $100,000, referencing the total RCV of $107,816.88 and ACV of $101,943.22. Plaintiff states that these amounts encompass the full range of office furniture, electronics, computers, and essential supplies for the business's operation."[12] Accordingly the Petition alleges that Plaintiff's claimed actual damages are in excess of $75,000.

24. In addition, Plaintiff provided Hiscox with its Pre-Suit Demand pursuant to section 542A.003 of the Texas Insurance Code via email on September 30, 2024.[13] Plaintiff's Pre-suit Demand states that Plaintiff demand payment of policy limits: "[a]fter a prior payment of $10,000, the remaining balance due is $90,000. We demand the immediate payment of the remaining policy limits. "[14] This amount is not inclusive of punitive/statutory damages, and attorney's fees—which are sought by Plaintiff in its Original Petition .[15] While Hiscox denies the validity and merits of Plaintiff's claims, the legal theories upon which those claims are based, and the allegations for

---

sought $32,007.32 in actual damages, treble damages, attorney's fees, and exemplary damages); *Abascal v. United Prop. & Cas. Ins. Co.,* No. 4:18-CV-03930, 2019 WL 3229174 (S.D. Tex. July 18, 2019) (finding the amount in controversy requirement was met where the plaintiff sought $19,303.41 in economic damages, treble damages, attorneys' fees, and other damages); *De Los Reyes v. State Farm Lloyds*, No. 1:22-CV-071, 2022 WL 10676596, at *1 (S.D. Tex. Sept. 26, 2022), report and recommendation adopted sub nom. *Reyes v. State Farm Lloyds*, No. 1:22-CV-000071, 2022 WL 10656385 (S.D. Tex. Oct. 18, 2022); *Perez v. Root Ins. Co.,* No. 5-22-CV-01060-FB-RBF, 2023 WL 2776766, at *2 (W.D. Tex. Mar. 17, 2023), report and recommendation adopted, No. CV SA-22-CA-1060-FB, 2023 WL 2775164 (W.D. Tex. Apr. 3, 2023) (applying punitive damages, exemplary damages, and attorneys' fees to conclude that jurisdictional amount was met); *Curran v. Safeco Ins. Co. of Indiana*, No. 4:23-CV-1057, 2024 WL 69064, at *3 (E.D. Tex. Jan. 5, 2024) ("Amount-in-controversy calculations in insurance claim cases include "penalties, statutory damages, and punitive damages."") (citing *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)).

[11]  Plaintiff's Original Pet. at pg. 3.

[12]  *Id.* at 4.

[13]  Ex. E, Plaintiff's' Pre-Suit Demand dated September 30, 2024.

[14]  *Id.*

[15]  *Id;* Plaintiff's Original Pet. at pg. 3.

monetary and other relief requested by Plaintiff. For purposes of removal only, and without conceding that Plaintiff is entitled to any damages or other relief in this action, it is facially apparent from Plaintiff's Pre-Suit Notice, and the judicial admission in Plaintiff's Original Petition that the amount in controversy exceeds $75,000, exclusive of interest and costs.

25. Because there is complete diversity between the parties and the amount in controversy exceeds $75,000 excluding interest and costs, this Court has jurisdiction under 28 U.S.C. § 1332(a), and this action is removable under 28 U.S.C. § 1441(b).

### IV.  COMPLIANCE WITH 28 U.S.C. § 1446 AND LOCAL RULE 81

26. All pleadings, orders, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. § 1446(a).

27. In compliance with Local Rule 81, the following documents are attached:

   A. An index of matters being filed, attached as **Exhibit A**.
   B. State Court Docket Sheet, attached as **Exhibit B**.
   C. All pleadings asserting causes of action and answers to such pleadings, attached as **Exhibits C-1 through C-4**.
   D. List of all counsel of record, including addresses, telephone numbers and parties represented, attached as **Exhibit D**.
   E. Plaintiff's' Pre-Suit Demand dated September 30, 2024, attached as **Exhibit E**.
   F. Letter from Hiscox, to Dick Law Firm, PLLC electing Liability of Justin Kuhl pursuant to Texas Insurance Code Section 542A.006 attached as **Exhibit F**.

28. Pursuant to 28 U.S.C. § 1446(d), written notice of filing this Notice will be given to all adverse parties promptly after filing, and a true and correct copy of this Notice will be promptly filed with the clerk of the 133 Judicial District Court of Harris County, Texas.

## V. JURY DEMAND

29.     Plaintiff demanded a jury trial in its Original Petition.

## VI. CONCLUSION

WHEREFORE, Defendants Hiscox Insurance Company and Justin Kuhl request that this action be removed from the 133rd Judicial District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Todd M. Tippett*
Todd M. Tippett
Texas Bar No. 2046977
Southern Bar No. 573544
ttippett@zellelaw.com
(Attorney-in-charge)

Steven J. Badger
Texas Bar No. 01499050
Southern Bar No. 27659
sbadger@zellelaw.com
(of counsel)

Austin J. Taylor
Southern Bar. No. 3747279
Texas Bar No. 24125862
ataylor@zellelaw.com
(of counsel)

**ZELLE LLP**
901 Main Street, Suite 4000
Dallas, TX  75202
Telephone:    214-742-3000
Facsimile:    214-760-8994

**ATTORNEYS FOR HISCOX INSURANCE COMPANY INC. and JUSTIN KUHL**

## **CERTIFICATE OF SERVICE**

      This is to certify that on March 13, 2026, a true and correct copy of the foregoing document was delivered to all known counsel of record in accordance with the TEXAS RULES OF CIVIL PROCEDURE as follows:

Erick B. Dick
TBN: 24064316
eric@dicklawfirm.com

DICK LAW FIRM, PLLC
3701 Brookwoods Drive
Houston, Texas 77092
Telephone: (844) 447-3234
Fax: (844) 447-3234

                                                        */s/ Todd M. Tippett*
                                                         Todd M. Tippett