# EXHIBIT

# C-1

Receipt Number: 1055239
Tracking Number: 74598323

**COPY OF PLEADING PROVIDED BY PLT**

CAUSE NUMBER: 202602698

---

PLAINTIFF: THE DICK LAW FIRM PLLC      In the 133rd Judicial

vs.      District Court of

DEFENDANT: HISCOX INSURANCE COMPANY INC      Harris County, Texas

---

CITATION

THE STATE OF TEXAS
County of Harris

TO: HISCOX INSURANCE COMPANY INC MAY BE SERVED WITH PROCESS THROUGH ITS REGISTERED

AGENT FOR SERVICE CORPORATION SERVICE COMPANY

211 EST 7TH STREET SUITE 620

AUSTIN TX 78701-3218

OR ANYWHERE ELSE THE REGISTERED AGENT MAY BE FOUND

    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION.

This instrument was filed on January 14, 2026, in the above numbered and styled cause
on the docket in the above Judicial District Court of Harris County, Texas, in the
courthouse in the City of Houston, Texas. The instrument attached describes the claim
against you.

    YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not
file a written answer with the District Clerk who issued this citation by 10:00 a.m.
on the Monday next following the expiration of twenty days after you were served this
citation and petition, a default judgment may be taken against you. In addition to
filing a written answer with the clerk, you may be required to make initial
disclosures to the other parties of this suit. These disclosures generally must be
made no later than 30 days after you file your answer with the clerk. Find out more
at TexasLawHelp.org.

    ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this
January 14, 2026.



*Marilyn Burgess*

Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: CHRISTOPHER MATTHEWS

Issued at request of:
DICK, ERIC B.
3701 BROOKWOODS DRIVE
HOUSTON, TX 77092
(844) 447-3234
Bar Number: 24064316

Tracking Number: 74598323

CAUSE NUMBER: 202602698

| | |
|---|---|
| PLAINTIFF: THE DICK LAW FIRM PLLC | In the 133rd |
| vs. | Judicial District Court |
| DEFENDANT: HISCOX INSURANCE COMPANY INC | of Harris County, Texas |

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____o'clock _____. M., on the _____ day of
_____, 20_____.
Executed at (address) _____
in _____ County
at _____ o'clock _____. M., on the _____ day of
_____, 20 _____,
by delivering to _____ defendant,
in person, a true copy of this
Citation together with the accompanying _____ copy(ies) of the
_____ Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____ day of
_____, 20 _____.

FEE: $ _____

                                    _____
                                    _____ of _____

County, Texas
                                    By: _____
_____         Deputy
         Affiant

On this day, _____, known to me to be
the person whose signature
appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited
on the return.

SWORN TO AND SUBSCRIBED BEFORE ME on this _____ of
_____, 20 _____

                                    _____
                                              Notary Public

1/14/2026 2:21 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 110045224
By: Christopher Matthews
Filed: 1/14/2026 2:21 PM

CAUSE NO. _____

| | | |
|---|---|---|
| THE DICK LAW FIRM, PLLC, | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| v. | § | ___ JUDICIAL DISTRICT |
| | § | |
| HISCOX INSURANCE COMPANY | § | |
| INC. & JUSTIN KUHL, | § | |
| *Defendants,* | § | HARRIS COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

The Dick Law Firm, PLLC files this Original Petition against Hiscox Insurance Company

Inc. and Justin Kuhl and for cause of action would respectfully show the Court as follows:

### Introduction

This case arises from Defendants Hiscox Insurance Company Inc. and Justin Kuhl's failure

to honor their contractual, statutory, and common law obligations following a covered storm-

related loss. On May 16th, 2024, a derecho struck the Houston area, causing a tree branch to fall

onto Plaintiff's insured property and allowing water intrusion that damaged Plaintiff's covered

Business personal property. Plaintiff complied with policy requirements and made the property

available for inspection.

Defendants conducted a limited and outcome-oriented investigation, producing a grossly

inadequate estimate that only captured a fraction of the total loss. Despite Plaintiff's submission

of extensive documentation establishing substantial covered losses, Defendant Hiscox failed to

meaningfully reevaluate the claim. Instead, Defendant Hiscox repeatedly asserted that Plaintiff

had failed to provide required documentation while refusing to identify any specific deficiencies

in the documentation provided. Defendant Hiscox has engaged in a pattern of delay, withholding

claim materials and obstructing the appraisal process, resulting in prolonged and unnecessary delay in Plaintiff's receipt of Policy benefits.

As a result of Defendants' conduct, Plaintiff has suffered financial harm, significant delays in replacing essential business property, and additional expenses that would not have occurred had Defendants fulfilled their obligation. Plaintiff brings this action for breach of contract, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and breach of the duty of good faith and fair dealing, and seeks recovery of all damages, statutory penalties, attorney's fees, and all other relief to which it is legally entitled.

## Discovery Control Plan

Pursuant to Rule 190.3 of the Texas Rules of Civil Procedure, Plaintiff intends to conduct discovery under Level 2.

## Parties & Service

Plaintiff, the Dick Law Firm, PLLC, is an entity headquartered in Harris County, Texas.

Defendant, Hiscox Insurance Company Inc., (Hereinafter, "Hiscox") is a foreign insurance company engaged in the business of insurance in the State of Texas. This defendant may be served with process through its registered agent for service, Corporation Service Company, at 211 East 7th Street, Suite 620, Austin, Texas, 78701-3218 or anywhere else the registered agent may be found. Plaintiff requests that citation be issued for service on Defendant Hiscox immediately.

Defendant Justin Kuhl is an Insurance Adjuster engaged in the business of insurance in the State of Texas. This defendant may be served with process at their residence, 1253 Southfork Ranch Drive, Sealy, Texas, 77474, or anywhere else Defendant Kuhl may be found. Plaintiff requests that citation be issued for service on Defendant Kuhl immediately.

### Jurisdiction & Venue

The Court has subject matter jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court.

The Court has personal jurisdiction over Hiscox Insurance Company Inc. because this Defendant engages in the business of insurance in the State of Texas and the causes of action arise out of this Defendant's business activities in the state.

The Court has personal jurisdiction over Justin Kuhl because this Defendant engages in the business of insurance in the State of Texas and the causes of action arise out of this Defendant's business activities in the state.

Venue is proper in Harris County, Texas pursuant to Texas Civil Practice & Remedies Code §15.032 because the insured property is situated in Harris County, Texas and under Texas Civil Practice & Remedies Code §15.002(a)(1) the events giving rise to this lawsuit occurred in Harris County, Texas.

### Rule 47 Statement

Under Texas Rules of Civil Procedure 47(c)(2), Plaintiff seeks monetary relief of $250,000 or less. This amount includes all damages, penalties, costs, expenses, pre-judgment interest, and attorneys' fees. Plaintiff explicitly states they are seeking only monetary relief totaling $250,000 or less, excluding post-judgment interest.

### Notice Pursuant to Texas Rule of Civil Procedure 193.7

Plaintiff hereby provides actual notice pursuant to Rule 193.7 of the Texas Rules of Civil Procedure that any and all documents produced by any party to this lawsuit in response to written discovery may be used against that party in any pretrial proceeding or at trial.

## **Relevant Facts**

Plaintiff Dick Law Firm was the owner and named insured of Policy No. 100.453.214.5 (the "Policy") issued by Defendant Hiscox insuring Plaintiff's business personal property located at or temporarily away from 3701 Brookwoods drive, Houston, Texas, 77092 (the "Property"). The Policy provided coverage against direct physical loss caused by or resulting from any covered cause of loss, subject to the Policy's terms, conditions, limitations, and exclusions. The Policy was in effect from August 11th, 2023, to August 11th, 2024, requiring an annual premium of $1,117.00. Plaintiff complied with all policy requirements including timely payment of premiums.

On May 16th, 2024, a derecho struck the gulf coast of the United States, leading to catastrophic damage across the Houston area. High sustained winds and tornado force gusts during this storm caused a tree branch to fall onto the Property, allowing water and organic debris to enter and cause damage to Plaintiff's business personal property. Plaintiff promptly notified Defendant Hiscox of the loss and complied with Policy provisions, including making the property available for Defendant Hiscox's inspection. Defendant Hiscox assigned the loss Claim No. 100231985 (the "Claim").

On May 21st, 2024, Plaintiff provided a letter of representation, informing Defendant Hiscox that the Dick Law Firm, PLLC (the "Firm") would be representing them in all matters related to the Policy. This correspondence requested a certified copy of any policies, payment letters, estimates, denials, claim decisions, or claim correspondence. That same day, Defendant Hiscox's Claims adjuster Cassidy Paxson informed Plaintiff that they will be contacted by Custard Insurance Adjusters and Lowers Forensics to assist Defendant Hiscox in ascertaining the extent of the loss.

On May 24th, 2024, independent claim adjuster, Justin Kuhl of Custard Insurance Adjusters, Inc. completed an inspection of the property and began preparing an estimate to document the extent of the lost personal property due to the May 16th, 2024, loss. During Mr. Kuhl's inspection, Plaintiff's representative was present and provided all damaged items, including computers, office furniture, security cameras, décor, pantry items, and more. The prepared estimate dated October 2nd, 2024, includes four items, a patio dining armchair set, a glass top dining table, and two printers, totaling $6,457.57 on a replacement cost value (RCV) and $5,092.20 on an actual cost value (ACV). Notably, this estimate does not include nor reference to any additional business personal property damaged as a result of the loss, despite this property being present at the time of the inspection.

On July 2nd, 2024, in response to Defendant Hiscox's requests for claim documentation, Plaintiff's counsel informed Defendant Hiscox over email that they are in the process of compiling a comprehensive business personal property estimate with a content adjuster. Plaintiff, as it became available to them, provided comprehensive documentation regarding lost business personal property, such as receipts, photos, professional estimates, and invoices.

On August 22nd, 2024, Defendant Hiscox's claims adjuster Cassidy Paxson informed Plaintiff that they are working on setting up a reinspection of the property and contents that are being claimed. Mr. Paxson states in this correspondence that the documentation Plaintiff has supplied do not show any damage to the contents nor do they provide any explanation as to how the damages occurred. Mr. Paxson additionally states that the vast majority of the items claimed appear to be "household/personal items," items not covered under the Policy.

On October 11th, 2024, Plaintiff through counsel submitted demand for payment of $90,000 for the Claim, reflecting the Policy's limit of $10,000.00 and a prior payment of $10,000.00.

Defendant Hiscox's adjuster Mr. Paxson responded the same day, stating that they are evaluating the other items on the list, noting that many of them are "household, non-business items" such as bathroom products and kitchen items.

Plaintiff's counsel responded on October 15th, 2024, stating that they believe the current assessment of the loss grossly undervalues the extent of the loss and does not align with the evidence Plaintiff has provided. Plaintiff demands payment of the Policy limits of $100,000.00, referencing the total RCV of $107,816.88 and ACV of $101,943.22. Plaintiff states that these amounts encompass the full range of office furniture, electronics, computers, and essential supplies for the business's operation. In a separate email on the same day, Defendant Hiscox clarifies that their October 11th demand was based on a misunderstanding of Defendant Hiscox's payments and requested that Defendant Hiscox confirm whether any payments have been made on the Claim. Plaintiff in this email also responds to Defendant Hiscox's assertion that no evidence of water damage was present in the documentation, stating that they disagree with this assessment and that the items were used exclusively for business purposes and were in fact water damaged. This email repeatedly emphasized that all items claimed are intended for office use and reserves Plaintiff's right to invoke appraisal.

On October 16th, 2024, Plaintiff via email reiterated the assertions made in their October 15th, and October 11th emails, emphasizing that each item claimed has been substantiated with market research and detailed documentation to reflect their necessity and functionality within their operations. This email also states Plaintiff's intent to invoke the appraisal process should fail to fulfill the remaining payment owed to Plaintiff. The same day, Plaintiff submitted a formal demand letter to Defendant Hiscox for payment of the $101,943.22 in covered damages. In an effort to resolve the disputed amount of loss, Plaintiff's counsel also formally invoked the Policy's appraisal

provision in this letter. This initial invocation of appraisal named Gene Wilson as Plaintiff's appraiser for the appraisal process. Defendant Hiscox appointed Joseph, with TX Insurance Appraiser as their appraiser for the appraisal process on November 12th, 2024, following multiple requests for compliance with Plaintiff's invocation of appraisal. Plaintiff would later reassign Ray Choate as their appraiser on November 13th, 2024.

On November 14th, 2024, Mr. Paxson stated via email that Defendant Hiscox would resolve the claim if Plaintiff removed all items on the inventory list "not directly related to the operations of the law office" such as food, and children's toys, and submits a new inventory list. This correspondence did not elaborate as to what items Defendant Hiscox considers to be "not directly related to the operations of the law office."

On November 22nd, 2024, Defendant Hiscox informed Plaintiff of their reservation of rights in further investigating the matter. This correspondence additionally requested documents relating to the Claim, specifically "an updated inventory list showing only the property used in the operation of business activities, with removal of all personal property not used in the conduct of business as a law firm," "proof of ownership documents...to show that the claimed items are purchased/owned by the business or its employees," and "proof of actual damages to claimed contents."

Throughout the claims handling process, Plaintiff repeatedly requested necessary documents to advance their evaluation of the claim, such as the claim file, the underwriting file, inspection reports and estimates, and coverage correspondence. Mr. Paxson provided a response to these requests on December 17th, 2024, stating that they will not be providing the requested documents. Mr. Paxson additionally states in this email that they still require "all documents listed

out in the reservation of rights letter," stating that they will not accept "opined letters, statements, or messages in lieu of the requested items."

Plaintiff responded to Defendant Hiscox's December 17th request for documentation the following day, reiterating that they had requested clarification of any outstanding requirements on multiple occasions, explicitly requesting clarification on any deficiencies in the submitted materials on November 10th, 2024. This letter provides a summary of communications to date between Plaintiff and Defendant Hiscox, emphasizing Defendant Hiscox's continued lack of engagement.

Defendant Hiscox responded to Plaintiff's December 18th correspondence the same day, reiterating that Plaintiff has "still not provided the continually requested information to allow Hiscox to properly evaluate the claim" and requests that Plaintiff "provide the items requested in Defendant Hiscox's reservation of rights letter immediately." Defendant Hiscox stated over email on December 18th, 2024, in response to Plaintiff's request for appraiser status that Hiscox is unable to participate in any appraisal process until the documents requested have been received and evaluated. This email did not elaborate as to what the documents requested actually are.

Defendant Hiscox remitted payment of $4,592.20 on December 18th, 2024, reflecting the $5,092.20 ACV calculated by Mr. Kuhl's estimate less the Policy's $500 deductible.

Plaintiff responded to Defendant Hiscox's December 18th email on December 20th, requesting clarification as to the specific documents Plaintiff has failed to provide. This email reiterates that the inventory submitted only contains business items, stating that if there are specific items in question that they will go over them item by item. Plaintiff in this letter asserts that Defendant Hiscox's continued requests for claim documentation, as well as Defendant Hiscox's

ongoing allegations that Plaintiff has included non-business personal property and failed to provide sufficient documentation, themselves constitute violations of Texas Insurance Code.

Plaintiff in an email to Defendant Hiscox on December 23rd, 2024, requested specific identification of any alleged non-business items, and an explicit list of any missing documentation. This correspondence remarked that continued non-responsiveness or vague correspondence will necessitate regulatory escalation.

Plaintiff followed up with Defendant Hiscox over email on January 13th, 2025, concerning the documents Plaintiff had requested. Mr. Paxson responded on January 15th, 2025, reiterating that Defendant Hiscox is unable to participate in appraisal until coverage issues have been addressed. This email also states that Plaintiff can obtain the claim underwriting file by contacting Hiscox customer service, and that the claim file is a work product that cannot be provided to an insured.

Plaintiff again requested via email on January 25th, 2025, documents concerning the claim, particularly the payment log and any notes or communications from the field adjuster and other third parties involved in the inspection of the Property. Defendant Hiscox responded the next day stating that no documentation to support the extent of the damage to electronic items has been provided, requesting diagnostic and inspection reports for the claimed electronic items, reiterating that opined letters do not support damage to the items. Plaintiff responded on January 28th, 2025, stating that "ANSI/IICRC S500, Section 15.6.3, affirms that professional evaluations from qualified personnel are acceptable in determining the extent of damage to electronic items and the appropriate course of action" and requested that Defendant Hiscox re-evaluate its coverage position.

On February 6th, 2025, Mr. Paxson via email informed Plaintiff that Hiscox will not be participating in the appraisal process until the requested documentation is provided, stating that Plaintiff has failed to provide the specific documents requested by Hiscox in their reservation of rights letter have not yet been provided. This email additionally states that Plaintiff has failed to provide evidence of category 4 water damage at the property, stating that the provided documentation is insufficient.

On February 7th, 2025, Plaintiff addressed via email representations made by Mr. Paxson, specifically addressing Defendant Hiscox's representation that the documents requested in the reservation of rights letter have not yet been provided. Plaintiff in this email summarizes the extensive evidence already provided to Defendant Hiscox such as an electronics damage report, water damage documentation, photographic evidence, and business use documentation and requests specific, item by item identification of any alleged deficiencies in the provided documentation so that they may be addressed. This email also highlights Defendant Hiscox's continued withholding of claim documentation and failure to commit to participate in the appraisal process.

Plaintiff on February 14th, 2025, followed up on previous communications and restated its request for claim documentation. This correspondence additionally sought clarification on any further documentation required from the insured to complete its evaluation as well as whether there are any outstanding coverage issues or exclusions currently under review. Defendant Hiscox responded the same day stating that the documents provided does not prove or support the extent of the claim, and that Defendant Hiscox is unable to furnish any additional payments until the items they requested in the format they requested them are provided.

Plaintiff once again requested documents from Defendant Hiscox on February 18th, 2025. Defendant Hiscox responded the same day stating that the status for the claim remains the same as it was previously.

Plaintiff followed up with Defendant Hiscox on April 6th, 2025, requesting an update on the current status of their requests. Mr. Paxson responded on April 14th, 2025, reiterating that they have not received the documents requested in their reservation of rights letter, and that due to this fact, they are unable to offer any further payment or coverage on the Claim. Mr. Paxson provided in this email formal written correspondence from Defendant Hiscox stating that due to Plaintiff's failure to meet policy requirements they are unable to extend coverage. This written correspondence quotes portions of Policy language regarding the insured's obligations after a loss and definitions of terms in the Policy.

Despite receiving extensive documentation from Plaintiff detailing the extent of the May 16th, 2024, loss, Defendant Hiscox has failed to adjust the claim based on the evidence provided. The record reflects a pattern of delay, including repeated lapses in communication and provision of vague responses to inquiries even when asked to provide clarification. Defendant Hiscox has continuously failed to provide meaningful responses to multiple requests for documentation and claim status updates, while simultaneously asserting that Plaintiff has failed to provide the required documentation without identifying what exactly the required documentation is.

Defendant Kuhl participated in Defendant Hiscox's shirking of their contractual and statutory obligations by providing an insufficient estimate that misrepresented the true extent of the loss. This estimate has assisted Defendant Hiscox in avoiding their contractual duties, enabling Defendant Hiscox to greatly undervalue the loss to void full payment of the benefits owed. Due to

Defendants' actions, Plaintiff has incurred additional expenses and experienced significant delays in accessing the benefits due under the Policy.

As a result of Defendants' breach of its contractual and statutory obligations, Plaintiff has suffered actual damages, including but not limited to: the cost to repair or replace business personal property; lost business income resulting from the loss of use of the Property; and other consequential damages arising from Defendant Hiscox's wrongful withholding of coverage and refusal to properly adjust the Claim.

## Causes of Action

### A.    Defendant Hiscox's Breach of Contract

A contract is a legally binding agreement between parties that creates enforceable obligations. To establish the existence of a valid contract, Plaintiff must demonstrate: (1) an offer, (2) acceptance of that offer, (3) consideration, and (4) mutual assent to the essential terms. In the context of insurance, these elements are satisfied when the insurer offers coverage in exchange for premium payments, the insured accepts by paying those premiums, and both parties assent to the terms and conditions set forth in the policy declarations and provisions.

Defendant Hiscox issued Businessowners Insurance for Legal Services Policy No. 100.453.214.5 to Plaintiff the Dick Law Firm, PLLC, providing coverage for business personal property located at 3701 Brookwoods Drive, Houston, Texas, 77092. The Policy provided coverage for business personal property against all direct physical loss not expressly excluded. Plaintiff accepted this offer by paying the required annual premium and fees of $1,117.00. Consideration flowed from both parties: Plaintiff paid premiums, and Defendant Hiscox promised to coverage in accordance with the Policy's terms. The parties demonstrated mutual assent by executing the Policy effective from August 11th, 2023, to August 11th, 2024.

The Policy is a valid and enforceable contract between the parties. Plaintiff fully performed all contractual obligations, including timely premium payments, maintenance of the Property, prompt reporting of the May 16th, 2024, cooperation with Defendant Hiscox's inspections, and mitigation of further damage.

Defendant Hiscox materially breached its contractual obligations in multiple respects. Defendant Hiscox repeatedly failed to respond to Plaintiff's requests for status updates and claim documentation while failing to meaningfully consider the extensive evidence provided by Plaintiff. Further, Defendant Hiscox has unreasonably delayed and obstructed the contractually required appraisal process through redundant requests for documentation and assertions that Plaintiff has failed to provide the required documentation, thereby depriving Plaintiff of a fair and efficient resolution of their Claim. Collectively, these actions and omissions constitute material breaches of contract and demonstrate Defendant Hiscox's disregard for its contractual obligations.

As a direct and proximate result of Defendant Hiscox's breaches, Plaintiff has sustained actual damages, including but not limited to: the cost to repair or replace business personal property; lost business income resulting from the loss of use of the Property; and other consequential damages arising from Defendant Hiscox's wrongful withholding of coverage and refusal to properly adjust the Claim.

**B. Defendant Hiscox's Violations of the Texas Insurance Code**

Defendant Hiscox's conduct constitutes multiple violations of the Texas Insurance Code. Specifically, Defendant Hiscox has, with respect to Plaintiff's claim:

- Misrepresented a material fact or policy provision relating to coverage at issue (Tex. Ins. Code §541.060(a)(1)). Defendant Hiscox continuously represented that the inventories of lost business personal property Plaintiff had provided to them contained non-business-related personal property. Defendant Hiscox made this representation despite multiple statements from Plaintiff that the inventory submitted was accurate and contained only property used in the

operation of the business. By representing that the inventories Plaintiff submitted contained non-business-related personal property, Defendant Hiscox has misrepresented material facts relating to the coverage at issue.

- <u>Failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear (Tex. Ins. Code §541.060(a)(2)(A))</u>. Despite liability becoming reasonably clear through Plaintiff's submission of independent estimates, inventories, photos of damage, and accompanying statements identifying how items are used in the operation of the business, Defendant Hiscox has refused to effectuate a fair settlement of the Claim. Rather than attempting to settle the claim in good faith, Defendant Hiscox has chosen to obstruct the claims resolution process through redundant requests for further documentation without identifying the documentation Defendant requires. Further, Defendant Hiscox has refused to participate in the contractually mandated appraisal process, relying on Plaintiff's supposed failure to provide required documentation to justify their refusal, preventing Plaintiff from obtaining a settlement of their claim.

- <u>Failed to promptly provide a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim (Tex. Ins. Code §541.060(a)(3))</u>. Defendant Hiscox has relied on the assertion that Plaintiff has failed to provide the required documentation to support their denial of the Claim yet has failed to identify what exact required documentation Plaintiff has failed to provide, preventing Plaintiff from remedying any potential deficiencies in the documentation they provided. By relying on the broad assertion that Plaintiff has failed to provide the necessary documentation and refusing to elaborate as to what the missing documentation may be, Defendant Hiscox has failed to provide a reasonable explanation for its denial of the Claim.

Defendant Hiscox has also violated the Prompt Payment of Claims Act (Tex. Ins. Code §542.051 et seq.) by:

- <u>Improperly rejecting the claim without reasonable basis (Tex. Ins. Code §542.056(a))</u>. Defendant Hiscox rested their rejection of the claim on the greatly insufficient estimate prepared by Defendant Kuhl, choosing to ignore the extensive evidence provided by Plaintiff. By utilizing an insufficient estimate to support their rejection of a claim while ignoring credible evidence that demonstrates a covered loss, Defendant Hiscox improperly rejected the claim without a reasonable basis.

- <u>Failing to provide valid reasons for rejection of the claim (Tex. Ins. Code §542.056(c))</u>. Defendant Hiscox based their rejection of the claim on Plaintiff's supposed failure to provide the required documentation, despite Plaintiff's submissions of inventories, photographic evidence, and statements attesting to item's use in the operation of business. When Plaintiff on multiple occasions requested clarification as to the missing documentation, Defendant Hiscox

refused to identify the documentation they still require. By basing their denial of Plaintiff's valid claim on the assertion that Plaintiff has failed to provide the required documentation and refusing to identify the documentation Defendant Hiscox still requires, Defendant Hiscox has failed to provide valid reasons for their rejection of the Claim.

- Delaying payment of the claim beyond the statutory period (Tex. Ins. Code §542.058(a)). Defendant Hiscox issued their sole payment of $4,592.20 on April 14th, 2025, months after Defendant Hiscox produced the estimate this payment was based on and long after statutory deadlines. By delaying payment of the claim beyond the statutory period Defendant Hiscox has violated §542.058(a).

Each of the foregoing unfair settlement practices was committed knowingly by Defendant

Hiscox and was a producing cause of Plaintiff's damages.

## C. Defendant Hiscox's Violations of the Texas Deceptive Trade Practices Act (DTPA)

Plaintiff is a "consumer" as defined by Tex. Bus. & Com Code §17.45(4) because they

sought or acquired goods or services by purchase. Defendant Hiscox violated the DTPA (Tex.

Bus. & Com. Code §17.46(b)) by:

- Representing that goods or services have characteristics, benefits, or quantities which they do not have (§17.46(b)(5)). Defendant Hiscox marketed and sold the Policy as providing comprehensive protection against sudden and accidental direct physical loss while simultaneously refusing to pay for the majority of covered business contents despite extensive documentation. Although Plaintiff submitted inventories, photographs, receipts, and more, establishing the damaged items were business property used exclusively in the operation of the law firm, Defendant Hiscox repeatedly asserted, without support, that the claimed items were non-business personal property. These actions constitute false, misleading, and deceptive representations regarding the characteristics, benefits, and quantities of the insurance coverage sold to Plaintiff.
- Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve (§17.46(b)(12)). Defendant Hiscox represented that the Policy required Plaintiff to provide certain documentation as a condition precedent to appraisal, despite Plaintiff's repeated requests for clarification as to what this documentation may be and submission ·of substantial evidence supporting the loss. Defendant Hiscox further represented that it was entitled to refuse appraisal and withhold payment indefinitely based on vague assertions of non-compliance even though the Policy's appraisal provision had been properly invoked. These misrepresentations falsely conveyed that the Policy imposed obligations and limitations on Plaintiff's right to appraisal that do not exist under the Policy or

Texas law, misleading Plaintiff regarding its rights and remedies under the Policy.

- <u>Failing to disclose information concerning goods or services which was known at the time of the transaction with the intention to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed (§17.46(b)(24)).</u> At the time of the transaction, Defendant failed to disclose that it would rely on shifting, undefined documentation demands and refuse to identify alleged deficiencies in documentation while continuing to delay resolution of the Claim. Had Plaintiff known that Defendant would engage in such conduct, Plaintiff would not have entered into the transaction or would have sought coverage elsewhere. Defendant's omission of this information was material, as it directly affected Plaintiff's decision to purchase the Policy, and constitutes false, misleading, and deceptive conduct under the Texas Deceptive Trade Practices Act.

Defendant Hiscox's violations of the DTPA were committed knowingly and intentionally, as defined by §17.45(9) and §17.45(13) of the Texas Business and Commerce Code. Defendant Hiscox's violations of the Texas Insurance Code are automatically a violation of the DTPA pursuant to the tie-in provision of Tex. Bus. & Com. Code §17.50(a)(4).

**D. Defendant Hiscox's Breach of Duty of Good Faith and Fair Dealing**

Under Texas law, an insurer owes its insured a duty of good faith and fair dealing in the handling of insurance claims. The Policy issued by Defendant Hiscox to Plaintiff created a contractual relationship that imposed on Defendant Hiscox a duty of good faith and fair dealing in the handling of Plaintiff's insurance claim. This duty required Defendant Hiscox to fully, fairly, and promptly investigate, evaluate, and resolve the Claim, and to refrain from unreasonably delaying or denying benefits owed under the Policy.

Despite Plaintiff's prompt reporting of the May 16th, 2024, loss and full compliance with all Policy requirements, Defendant Hiscox failed to conduct a reasonable investigation of the loss, relying on the narrow and insufficient estimate prepared by Defendant Kuhl that failed to account for large portions of the loss. Defendant Hiscox disregarded the extensive documentation provided by Plaintiff while simultaneously asserting that Plaintiff has failed to provide the required

documentation. Defendant Hiscox refused to identify the alleged deficiencies in the documentation yet relied on these supposed deficiencies to support its refusal to participate in the appraisal process, depriving Plaintiff of a contractual mechanism meant to establish the amount of loss.

As a direct and proximate result of Defendant Hiscox's breaches of its duty of good faith and fair dealing, Plaintiff has suffered actual damages including the wrongful denial of policy benefits, the cost to repair or replace business personal property, lost business income resulting from the loss of use of the Property, and other consequential damages resulting from Defendant Hiscox's unreasonable claim handling practices.

### E. Defendant Kuhl's Violation of the Texas Insurance Code

Defendant Kuhl is an insurance adjuster in the state of Texas and thus can be held liable under §541. *See Waste Mgmt. v. AIG Specialty Ins. Co.*, 974 F.3d 528, 533 (5th Cir 2020) (Citing *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 282 (5th Cir. 2007) (recognizing that Texas law authorizes §541 claims against insurance adjusters in their individual capacities). Defendant Kuhl's conduct constitutes a violation of the Texas Insurance Code. Specifically, Defendant Kuhl has, with respect to Plaintiff's claim misrepresented a material fact or policy provision relating to coverage at issue (Tex. Ins. Code §541.060(a)(1)).

Defendant Kuhl misrepresented material facts relating to the coverage at issue when he authored an estimate substantially undervaluing the loss. Despite credible evidence of substantial covered loss being present at the time of his inspection, the estimate does not reflect this evidence, instead capturing only a small portion of the total loss. At the time of his inspection, firm representatives presented all damaged property for inspection, including computers, office furniture, décor, and more, yet Defendant Kuhl failed to include these items in his estimate. While disagreements over claim valuation may not constitute a statutory violation, Defendant Kuhl's

actions constitute a knowing misrepresentation because even though he observed additional damaged business personal property, such as computers and furniture, Defendant Kuhl failed to include these items in his estimate. Hiscox relied on Defendant Kuhl's estimate to support their underpayment of the Claim, using the estimate's ACV to calculate their December 18th, 2024, payment. By representing that the damaged business personal property due to the May 16th, 2024, loss was limited to the four items noted in the estimate when substantially more damaged business personal property was present at the time of his inspection, Defendant Kuhl misrepresented material facts relating to the coverage at issue.

<h3 style="text-align:center">Damages</h3>

As a result of Defendants' wrongful acts and omissions, Plaintiff has suffered substantial damages. Plaintiff seeks the following damages from Defendants:

- Actual damages encompassing the cost to repair or replace business personal property; lost business income resulting from the loss of use of the Property; and other consequential damages arising from Defendant Hiscox's wrongful withholding of coverage and refusal to properly adjust the Claim.
- Consequential damages resulting from Defendants' breach of contract and violations of the Texas Insurance Code.
- Statutory interest penalties as damages under the Texas Insurance Code §542.060.
- Treble damages under the DTPA and Texas Insurance Code, due to Defendant Hiscox's knowing and intentional violations.
- Reasonable and necessary attorney's fees as permitted under Tex. Civ. Prac. & Rem. Code §38.001(8), Tex. Ins. Code §542.060(a)-(b), the DTPA, and/or any other applicable law.
- Pre-judgment interest at the maximum rate allowed by law.
- Post-judgment interest at the maximum rate allowed by law.
- Costs of suit.

<h3 style="text-align:center">Jury Demand</h3>

Plaintiff hereby requests a jury trial and tenders the appropriate fee.

## Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, this Court enter judgment in their favor against Defendant for all relief requested herein, including all damages, penalties, interest, attorneys' fees, and costs as allowed by law, as well as any other relief, legal or equitable, to which Plaintiff may be justly entitled.

Dated: January 14, 2026.

Respectfully Submitted,

*/s/ Eric Dick*
Eric B. Dick
TBN: 24064316
FIN: 1082959
**DICK LAW FIRM, PLLC**
3701 Brookwoods Drive
Houston, Texas 77092
(844) 447-3234 - Office & Facsimile
eric@dicklawfirm.com
www.dicklawfirm.com
**ATTORNEY FOR PLAINTIFF**



**F**

6 OZ FIRST-CLASS MAIL FLATS RATE    063S0014950463
ZONE 2                              6023281
RETAIL                              FROM 77092

02/05/2026

# USPS FIRST CLASS MAIL®

QSP
4325 Tulsa Rd
Houston TX 77092-6705

SHIP
TO:     Hiscox Insurance Company Inc
    C/O Corporation Service Company
        211 E 7th St Ste 620
        Austin TX 78701-3218

### USPS CERTIFIED MAIL™



9414 7111 0549 5870 9417 81