# EXHIBIT C-4

Case 4:26-cv-02053   Document 1-7   Filed 03/13/26 in TXSD   Page 2 of 10

3/13/2026 9:53 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 112383461
By: Joanna Hernandez
Filed: 3/13/2026 9:53 AM

CAUSE NO. 202602698

| | | |
|---|---|---|
| THE DICK LAW FIRM, PLLC, § § | IN THE DISTRICT COURT OF | |
| *Plaintiff*, § § | | |
| v. § § | HARRIS COUNTY, TEXAS | |
| HISCOX INSURANCE COMPANY § INC. & JUSTIN KUHL, § § | | |
| *Defendants*. § | 133rd JUDICIAL DISTRICT | |

## DEFENDANTS' FIRST AMENDED ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

Defendants Hiscox Insurance Company Inc. ("Hiscox") and Justin Kuhl (collectively "Defendants") files this *First Amended Original Answer and Affirmative Defenses* to Plaintiff the Dick Law Firm PLLC's ("Plaintiff" or "Dick Law") Original Petition and would respectfully show the Court as follows:

### I. GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendants generally deny each and every allegation contained in Plaintiff's Original Petition and demand strict proof thereof. By this general denial, Defendants demand that Plaintiff prove every fact in support of its claims for breach of contract, violations of the Texas Insurance Code §541 et seq., noncompliance with the Texas Insurance Code §542 et seq., violations of the Texas Deceptive Trade Practices Act ("DTPA"), and breach of the duty of good faith and fair dealing by a preponderance of the evidence. By this general denial, Defendants further demand that Plaintiff prove every fact in support of its treble and exemplary damages claim(s) by clear and convincing evidence.

## II. DENIAL OF CONDITIONS PRECEDENT

Defendants specifically deny that Plaintiff has satisfied all conditions precedent to the recovery it seeks in this lawsuit in the following particulars:

### *Loss During the Policy Period*

Insurance coverage under Hiscox's policy number P100.453.214.5 (the "Policy") applies, if at all, only to a loss that occurs during the policy period of August 11, 2023 to August 11, 2024. To the extent any part of the claimed losses for which Plaintiff seeks recovery did not occur during this policy period, the Policy provides no coverage for such losses.

### *Loss Above the Deductible*

Hiscox's obligation to pay under the Policy extends, if at all, only to a covered loss to covered property that exceeds the Policy's deductible. If there is an obligation to pay, it applies only to the amount of covered loss, if any, that exceeds the applicable deductible(s).

### *How Loss Is Paid*

Hiscox's obligation to pay under the Policy extends, if at all, only to the extent provided by the Policy's applicable How Loss is Paid provision(s). Including any modification of said provision(s) by endorsements to the Policy.

### *Duties in the Event of Loss*

Hiscox denies that Plaintiff has complied with the Policy Duties in the Event of Loss, including, without limitation, the condition that the insured:

4. At our request, give us complete inventories of the damaged and undamaged property, including quantities, costs, values, and amount of the loss claimed.

### *Covered Property*

Hiscox's obligation to pay under the Policy extends, if at all, only to the extent Plaintiff's claimed damage is to covered property as defined by the Policy, including, without limitation,

Business Personal Property as defined by the Policy. Defendant specifically denies that Plaintiff's claimed damages, in whole, or in part, meet the definition of, or otherwise qualify as, covered Business Personal Property as defined in the Policy.

### *Appraisal*

Hiscox denies that Plaintiff has complied with the conditions of the Policy's appraisal clause.

### III. AFFIRMATIVE AND OTHER DEFENSES

Pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendant asserts the following affirmative and other defenses to the allegations in Plaintiff's Original Petition:

### *Policies Terms, Conditions, and Limitations*

Plaintiff's claims are subject to and limited by all of the terms, conditions, limitations, exclusions, and deductibles contained in the insurance policy at issue.

### *Failure to Mitigate*

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to take reasonable steps to mitigate, minimize, or avoid the damages allegedly sustained and/or to protect the property from further damage. Plaintiff's recovery under the Policies and the law, if any, must be offset and reduced accordingly.

### *Failure to Allocate Covered and Non-Covered Losses*

Plaintiff's claims are barred by Plaintiff's failure to allocate its alleged damages between covered and non-covered causes.

### *Wear and Tear, Rust, Corrosion, Decay, Deterioration, Hidden or Latent Defect*

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff's alleged damages resulted from wear and tear, rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself.

*Seepage*

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff's alleged damages resulted from the continuous or repeated seepage or leakage of water, or the presence or condensation of humidity, moisture or vapor, that occurs over a period of 14 days or more.

*Dampness of Atmosphere, Extremes of Temperature, or Marring or Scratching*

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff's alleged damages to personal property resulted from dampness or dryness of atmosphere, changes in or extremes of temperature, or marring or scratching.

*Faulty Design, Materials, or Maintenance*

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff's alleged damages were caused by or resulted from faulty, inadequate or defective: (1) planning, zoning, development, surveying, siting; (2) design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction; (3) materials used in repair, construction, renovation or remodeling; or (4) maintenance of part or all of the Property.

*Storm Created Opening*

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff's alleged damages were caused by or are a consequence of loss or damage to the interior of any building or structure, or to personal property in the building or structure, caused by or resulting from rain, snow, sleet, ice, sand or dust, whether driven by wind or not, unless: (i) The building or structure first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain, snow, sleet, ice, sand or dust enters; or (ii) The loss or damage is caused by or results from thawing of snow, sleet or ice on the building or structure.

*Covered Property*

Hiscox's obligation to pay under the Policy extends, if at all, only to the extent Plaintiff's claim damage is to covered property as defined by the Policy, including, without limitation, Business Personal Property as defined by the Policy. Defendant specifically denies that Plaintiff's claimed damages, in whole or in part, meet the definition or otherwise qualify as covered Business Personal Property as defined in the Policy.

*Limits of Insurance and/or Sublimit*

Hiscox's obligation to pay under the Policy extends, if at all, only to the limit of insurance prescribed in the Policy, including, without limitation, any sub-limits for Business Personal Property.

*Bona Fide Dispute*

A bona fide dispute exists concerning the extent of Plaintiff's entitlement to benefits under its Policies. Hiscox is permitted to value claims and evaluate coverage differently than Plaintiff without incurring liability for bad faith or extra-contractual liability. Hiscox would show that a bona fide controversy exists regarding the scope and amount of any alleged covered loss and/or the extent to which any asserted loss was the result of a covered peril to covered property.

*Payment / Offset / Credit*

Plaintiff's claim is reduced by the amount of its deductible and any prior payment for their damages. Hiscox is entitled to an offset or credit in the total amount of Plaintiff's deductible and any prior payments from Hiscox or other party involving the same damages at issue in this lawsuit.

*Excessive Demand*

Plaintiff's claim for attorney's fees is barred, in whole or in part, by the doctrine of excessive demand.

*Limitation on Punitive/Exemplary/Treble Damages*

Hiscox denies any liability to Plaintiff for alleged extra-contractual damages. Pleading alternatively, Hiscox pleads that any award to Plaintiff of exemplary, additional, treble or punitive damages or penalties is limited pursuant to Texas Civil Practice & Remedies Code Chapter 41 and Texas Insurance Code Sections 541.152 and 542.060. Under the facts of this case, an award of exemplary, additional, treble or punitive damages or penalties consistent with the maximum awards permitted under these statutes would violate Hiscox's state and federal constitutional rights. Hiscox affirmatively pleads that an award of exemplary, additional, treble or punitive damages or penalties would violate the due process and equal protection clauses of the United States and Texas Constitutions. Hiscox affirmatively pleads that an award of exemplary, additional, treble or punitive damages or penalties would be both arbitrary and excessive in that (1) Texas procedure lacks adequate safeguards in violation of the due process clauses of the United States and Texas Constitutions, and (2) Hiscox will not be afforded equal protection against extra-contractual damages that would be limited or capped for others.

As a specific defense, Hiscox assert that Plaintiff's claims for punitive damages, if any, cannot be sustained pursuant to Texas law regarding the standards for determining liability for and the amount of punitive damages. The imposition of punitive damages in this case would be fundamentally unfair and would violate the Constitution of the United States and the Constitution of the State of Texas in one or more of the following respects:

a) Due process requires proof of punitive damages by a standard greater than the "preponderance of the evidence" standard. Due process requires proof of such claims by at least clear and convincing evidence standard of proof.

b) The assessment of punitive damages, a remedy that is essentially criminal in nature without safeguards greater than that afforded by Texas Civil Procedure and the civil law, constitutes infliction of a criminal penalty without the safeguards guaranteed by the Fifth, Sixth, and Fourteenth Amendment of the Constitution of the United States, the Eighth Amendment to the Constitution of the United States, and Article I, §§ 13 and 19 of the Constitution of the State of Texas.

## IV. **542A ELECTION OF LIABILITY**

Pursuant to Tex. Ins. Code § 542A.006, Defendant Hiscox Insurance Company Inc. elects to accept whatever liability its adjusters, employees, independent contractors, and other "agents," including Justin Kuhl, involved in the claim investigation might have to Plaintiff for their acts or omissions related to the insurance claim at issue. This constitutes Defendant Hiscox Insurance Company Inc.'s written notice to the Plaintiff under Tex. Ins. Code § 542A.006. This election is unconditional and cannot be revoked pursuant to the statute. Defendant Justin Kuhl should accordingly be dismissed as a Defendant in the lawsuit.

## V. **PRAYER**

Defendants Hiscox Insurance Company Inc. and Justin Kuhl pray that: (i) all relief requested by Plaintiff be denied; (ii) Plaintiff take nothing by its claims; and (iii) for such other and further relief, general or special, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

By: */s/ Todd M. Tippett*
    Todd M. Tippett
    Texas Bar No. 2046977
    ttippett@zellelaw.com
    Steven J. Badger
    Texas Bar No. 01499050
    sbadger@zellelaw.com
    Austin J. Taylor
    Texas Bar No. 24125862
    ataylor@zellelaw.com

**ZELLE LLP**
901 Main Street, Suite 4000
Dallas, TX  75202
Telephone:   214-742-3000
Facsimile:    214-760-8994

**ATTORNEYS FOR HISCOX INSURANCE COMPANY INC. AND JUSTIN KUHL**

### CERTIFICATE OF SERVICE

This is to certify that on March 13, 2026, a true and correct copy of the foregoing document was delivered to all known counsel of record in accordance with the TEXAS RULES OF CIVIL PROCEDURE as follows:

Erick B. Dick
TBN: 24064316
eric@dicklawfirm.com

DICK LAW FIRM, PLLC
3701 Brookwoods Drive
Houston, Texas 77092
Telephone: (844) 447-3234
Fax: (844) 447-3234

           */s/ Austin J. Taylor*
           Austin J. Taylor

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Todd M. Tippett on behalf of Todd Tippett
Bar No. 24046977
ttippett@zellelaw.com
Envelope ID: 112383461
Filing Code Description: Amended Filing
Filing Description: Defendants' First Amended Original Answer and Affirmative Defenses
Status as of 3/13/2026 10:18 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Todd MTippett | | ttippett@zelle.com | 3/13/2026 9:53:14 AM | SENT |
| Glenda Smith | | gsmith@zellelaw.com | 3/13/2026 9:53:14 AM | SENT |
| Steven Badger | | sbadger@zellelaw.com | 3/13/2026 9:53:14 AM | SENT |
| Austin J.Taylor | | ataylor@zellelaw.com | 3/13/2026 9:53:14 AM | SENT |
| Mary Cornell | | mcornell@zellelaw.com | 3/13/2026 9:53:14 AM | SENT |